# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TONEY RAY HOPKINS,<br><br>  Plaintiff,<br><br>v.<br><br>WILSON COUNTY JAIL et al.,<br><br>  Defendants. | Case No. 3:22-cv-00310<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

On May 26, 2022, the Court ordered pro se Plaintiff Toney Ray Hopkins to show cause by June 9, 2022, why the Magistrate Judge should not recommend that the Court dismiss this action under Federal Rule of Civil Procedure 41(b) for Hopkins's failure to prosecute his claims, including his failure to respond to motions to dismiss filed by Defendants Southern Health Partners, Inc. (SHP), and Wilson County, Tennessee. (Doc. No. 13.) The Court ordered Hopkins to file any response in opposition to the defendants' motions by the same date. (*Id.*) On June 8, 2022, Hopkins filed a "Motion to Denial of Dismissal" stating that he had been gathering evidence and dealing with medical issues, was requesting relief, and planned to file a demand letter. (Doc. No. 14.) Hopkins did not separately respond to the defendants' motions to dismiss and has not filed anything further in this action.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Hopkins's complaint without prejudice under Rule 41(b) and find moot the defendants' motions to dismiss.

I.     **Factual and Procedural Background**

This action arises out of Hopkins's incarceration at the Wilson County Jail (WCJ) in Lebanon, Tennessee. (Doc. No. 1-1.) Hopkins filed a complaint for violation of his civil rights under 42 U.S.C. § 1983 in the 15th Judicial District Circuit Court for Wilson County, Tennessee, alleging that, while he was incarcerated at WCJ for forty-eight hours in June 2021, the defendants failed to accommodate his disability and provide him with adequate medical care in violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131–12165, and the Eighth and Fourteenth Amendments to the United States Constitution, U.S. Const. amends. VIII, XIV. (*Id.*) The defendants removed the action to this Court, paid the Court's civil filing fee, and filed motions to dismiss Hopkins's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state any claims on which relief may be granted. (Doc. Nos. 1, 6, 9.)

Hopkins did not file responses in opposition to the defendants' motions to dismiss within the time provided by this Court's Local Rules. *See* M.D. Tenn. R. 7.01(a)(3) (response) ("[A]ny party opposing a motion must serve and file a memorandum of law in response . . . not later than fourteen (14) days after service of the motion[.]"). The Court ordered Hopkins to show cause by June 9, 2022, why the Magistrate Judge should not recommend that the Court dismiss Hopkins's complaint under Rule 41(b) for his failure to prosecute or for the reasons stated in the defendants' motions to dismiss. (Doc. No. 13.) The Court further ordered Hopkins to "file any responses in opposition to the defendants' motions to dismiss by the same date" and warned him that failure to respond to the show-cause order would "likely result in a recommendation that his claims be dismissed." (*Id.* at PageID# 61.)

On June 8, 2022, Hopkins filed a one-page document titled "Motion to Denial of Dismissal" that contains four numbered bullet points stating: (1) "Gathering Discovery of Evidence[;]" (2) "Was sick Dealing with Medical Issues[;]" (3) "Relief Requested[;]" and

(4) "Demand Letter following." (Doc. No. 14.) Hopkins has not addressed the defendants' dismissal arguments and has not made any other filings in this action.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with

prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Hopkins.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). The Court ordered Hopkins to show cause why his claims should not be dismissed for failure to prosecute and ordered him to respond to the defendants' motions to dismiss. (Doc. No. 13.) Hopkins's June 8, 2022 filing states that he had been ill, was gathering evidence, and would file a demand letter, but does not address the defendants' dismissal arguments and Hopkins has not made any filings or taken any other steps to move this action forward in the past three months. Even liberally construing Hopkins's June 8, 2022 filing, the Court finds that

Hopkins has not complied with the Court's order to respond in opposition to the defendants' motions to dismiss.

There is no indication that bad faith motivated this failure. However, because the Court specifically ordered Hopkins to respond to the defendants' motions to dismiss and warned him that failure to do so could result in a recommendation of dismissal, Hopkins's failure to respond indicates willfulness or fault for purposes of Rule 41(b) and therefore "tips the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). The first factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are

not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, SHP and Wilson County have filed motions to dismiss Hopkins's complaint. (Doc. Nos. 6, 9.) Because these are typical steps in early litigation, this factor weighs against dismissal. *See Schafer*, 529 F.3d at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). The Court expressly warned Hopkins that failure to respond to its show-cause order and file responses in opposition to the defendants' motions to dismiss would likely result in a recommendation of dismissal. (Doc. No. 13.) This factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here, even though SHP and Wilson County have filed motions to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot) Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts

apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

IV.     **Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Hopkins's failure to prosecute and that SHP and Wilson County's motions to dismiss (Doc. Nos. 6, 9) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 15th day of September, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge